ILLINOIS CENTRAL RIALROAD COMPANY *v.* CHARLES A. KERL ET AL.

RAILROADS.   *Kicking switch.*   *Code* 1892, § 3548.

> A party whose property is damaged while being carried in the cars of the company may invoke code 1892, § 3548, rendering a railroad liable, without regard to mere contributory negligence, for injuries inflicted by switching cars, within a municipality, in the manner known as a "flying," "running" or "kicking" switch.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

Kerl and another, the appellees, were the plaintiffs in the

court below: the railroad company was defendant there. The opinion of the court sufficiently states the case.

*Mayes & Harris,* for appellant.

The suit was to recover damages for injuries to live stock shipped from McComb City to New Orleans. There was strong evidence of contributory negligence by plaintiffs in regard to the loading of the animals. The court below gave plaintiffs, an instruction applying code, § 3548. This was error. We must necessarily, in determining the application of the statute, look to the evil which was intended to be remedied. The statute was designed to prevent the railroad company from kicking cars in municipalities, much-frequented places, where people were likely to be passing. It could have no reference to passengers or freight on the cars, else "kicking" switches would have been prohibited everywhere.

A perfectly analogous case, on a different statute it is true, but the principle is the same, is the case of *Chicago, etc., Railroad Co.* v. *Trotter,* 60 Miss., 442, where a statute was held not to be applicable to persons who stood in contractual relations with the railroad company.

*Cassedy & Cassedy,* for appellees.

The evidence showed that a kicking switch was made, and most probably damaged the live stock. Code 1892, § 3548, was clearly applicable, the objectionable switch having been made in the limits of McComb City. There is no exception in the statute itself, and the court should not engraft one upon it.

CALHOON, J., delivered the opinion of the court.

Kerl and another, the appellees, had some cattle loaded on appellant's cattle car in McComb City for shipment to New Orleans, and the company's servants "kicked" that car against another car standing on a switch track, and the collision caused the damage to the cattle.

There is no ground for the idea that the animals were not properly loaded. It is true there was a bull and a stag in the car, but they were tied at one end of the car, and apart from the others. The jury properly found for the plaintiff on the facts.

The liability of the company was plain, as shippers, under the common law, but still the plaintiffs invoked code, § 3548, and got an instruction from the court to the jury that: "If they believed from the evidence that the injury to plaintiff's cattle was caused by making a 'kicking switch' by defendant's servants in the city of McComb, they will find for plaintiffs, although they may further believe that plaintiffs were negligent in loading the stock in the car."

Counsel for appellee say this was error, because they say the statute was designed to apply to persons or property on the track. We cannot subscribe to this. We cannot perceive the difference between injuries to persons or property out of a car and on the track, and injuries to persons or property in a car on the track.

We decline to engraft on the statute an exception in favor of the facts shown in this particular case. If the damage had occurred in the country the appellant would have been liable under the common law only. Since it occurred in town, the liability attached both under the common law and the statute.

*Affirmed.*